UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**DENISE LONG,**

    Plaintiff,

v.                                   Case No: 5:24-cv-54-JSM-PRL

**PRATT (TARGET CONTAINER), INC.,**

    **Defendant.**

## ORDER

Previously, Defendant filed a motion to compel requesting that the Court direct Plaintiff to provide better responses to Defendant's First Set of Interrogatories and First Request for Production. (Doc. 20). Rather than replying directly to the motion, Plaintiff filed her Notice of Service of Plaintiff's Amended Discovery Responses, stating that she had served amended responses to the discovery requests at issue. (Doc. 24). Plaintiff's failure to file a response to the motion to compel appears to suggest that the motion has been rendered moot by the amended discovery responses. Amidst hurricane delays, the parties also worked together on a joint motion to request and receive an extension to discovery deadlines. (Docs. 22 & 23). Meanwhile, mediation efforts are ongoing. (Doc. 25). It is therefore unclear whether Defendant's motion to compel still requires resolution by the Court.

Accordingly, within 10 days of the entry date of this Order, pursuant to Local Rule 3.01(g)[1], counsel is directed to meet and confer regarding the issues raised by the motion to compel, including Defendant's request for fees and costs incurred in making the motion. (Doc. 20 at 5). If issues remain in dispute, counsel is directed to confer either <u>in person</u> or <u>via telephone</u> and specifically discuss <u>each</u> and <u>every</u> discovery request or issue that remains in dispute. **On or before November 20, 2024, the parties shall file a written notice advising the Court as to whether, and to what extent, Defendant's motion to compel discovery requires resolution by the Court.**

If Defendant wishes to seek an award of expenses under Rule 37(a)(5)(A)[2], on or before November 20, 2024, Defendant is directed to file a motion and affidavit supporting its motion for reasonable expenses, including attorney's fees, incurred in making the motion to compel.

---

[1] The purpose of Local Rule 3.01(g) "is to require the parties to communicate and resolve certain types of disputes without court intervention." *Desai v. Tire Kingdom, Inc.*, 944 F.Supp. 876, 878 (M.D. Fla. 1996). Further, the term "communicate" has been defined as "to speak to each other in person or by telephone, in a good faith attempt to resolve disputed issues." *Davis v. Apfel*, No. 6:98-CV-651-ORL-22A, 2000 WL 1658575 at n. 1(M.D. Fla. Aug. 14, 2000). The Court expects counsel to comply with both the letter and spirt of Local Rule 3.01(g).

[2] Rule 37(a)(5) provides, regarding "Payment of Expenses; Protective Orders":

(A) If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii) other circumstances make an award of expenses unjust.

Plaintiff shall then have 7 days from the date that Defendant's affidavit is filed to file a response and any objections to the expenses and fees sought.

**DONE** and **ORDERED** in Ocala, Florida on November 5, 2024.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties