UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**DENISE LONG,**

    **Plaintiff,**

**v.**                                                                 **Case No: 5:24-cv-54-JSM-PRL**

**PRATT (TARGET CONTAINER), INC.,**

    **Defendant.**

___

**ORDER**

In this case, Plaintiff, Denise Long, a former employee of Defendant, Pratt (Target Container), Inc., brings claims of employment discrimination based on race, color and sex, and retaliation in violation of 42 U.S.C. § 1981 and the Florida Civil Rights Act ("FCRA"). The case is currently before the Court for consideration of Defendant's motion to compel (Doc. 20) and the parties' related filings, including Defendant's motion for sanctions. (Doc. 35). For the reasons explained below, the motion to compel is due to be granted in part and denied in part, and Defendant's motion for sanctions is also due to be granted in part and denied in part.

    **I.**     **Background**

Previously, Defendant filed its motion to compel (Doc 20) requesting that the Court direct Plaintiff to provide better responses to Defendant's First Set of Interrogatories and First Request for Production. Rather than replying directly to the motion, Plaintiff filed her Notice of Service of Plaintiff's Amended Discovery Responses, stating that she had served amended responses to the discovery requests at issue. (Doc. 24). Because Plaintiff's failure to file a

response to the motion to compel appeared to suggest that the motion had been rendered at least partially moot by the amended discovery responses, the Court noted that it was unclear whether Defendant's motion to compel still required resolution by the Court and directed the parties to meet and confer and file a written notice advising the Court as to whether, and to what extent, Defendants motion to compel still required resolution by the Court. (Doc. 26). The Court also stated that if Defendant wished to seek an award of expenses under Rule 37(a)(5)(A)[1]:

> Defendant is directed to file a motion and affidavit supporting its motion for reasonable expenses, including attorney's fees, incurred in making the motion to compel. Plaintiff shall then have 7 days from the date that Defendant's affidavit is filed to file any objections to the expenses and fees sought.

(Doc. 26 at 2-3).

Plaintiff replied to the Court's show cause order and asserted that the parties had conferred as required and that only three items of discovery remained in dispute. (Doc. 31). Defendant responded summarizing what it characterized as "Plaintiff's history of discovery abuse," (Doc. 35 at 1), and restated the discovery that it believed was outstanding. Defendant

---

[1] Rule 37(a)(5) provides, regarding "Payment of Expenses; Protective Orders":

(A) If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii) other circumstances make an award of expenses unjust.

also requested sanctions against Plaintiff in connection with the motion to compel and Plaintiff's untimely responses. (Doc. 35 at 7). In accordance with the Court's prior directive, Defendant then filed a declaration of counsel in support of its motion for sanctions (Doc. 36). Both Defendant's motion to compel and motion for sanctions are ripe for consideration.

## II. Legal Standards

Motions to compel discovery under Rule 37(a) of the Federal Rules of Civil Procedure are committed to the sound discretion of the trial court. *See Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). "The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result." *Oliver v. City of Orlando*, No. 6:06-cv-1671, 2007 WL 3232227, at *2 (M.D. Fla. Oct. 31, 2007).

The moving party "bears the initial burden of proving that the information sought is relevant." *Douglas v. Kohl's Dep't Stores, Inc.*, No. 6:15-cv-1185, 2016 WL 1637277, at *2 (M.D. Fla. Apr. 25, 2016) (quoting *Moore v. Lender Processing Servs. Inc.*, No. 3:12-cv-205, 2013 WL 2447948, at *2 (M.D. Fla. June 5, 2013)). Relevancy is based on the "tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action." *Garcia v. Padilla*, No. 2:15-cv-735, 2016 WL 881143, at *2 (M.D. Fla. March 8, 2016) (quoting Fed. R. Evid. 401).

Proportionality requires counsel and the Court to consider whether relevant information is discoverable in view of the needs of the case. In making this determination, the Court is guided by the non-exclusive list of factors in Rule 26(b)(1). *Graham & Co., LLC v. Liberty Mut. Fire Ins. Co.*, No. 2:14-cv-2148, 2016 WL 1319697, at *3 (N.D. Ala. April 5, 2016).

"Any application of the proportionality factors must start with the actual claims and defenses in the case, and a consideration of how and to what degree the requested discovery bears on those claims and defenses." *Id.* (quoting *Witt v. GC Servs. Ltd. P'ship*, 307 F.R.D. 554, 569 (D. Colo. 2014)).

In order to frame the discovery, it is essential to determine the purpose of the discovery. As the commentary to Rule 26 explains: "A party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them." Fed. R. Civ. P. 26. Then, of course, it is the "Court's responsibility, using all the information provided by the parties, . . . to consider these and all the other factors in reaching a case-specific determination of the appropriate scope of discovery." *Id.*

### III. Discussion

To begin, the Court notes that the parties have successfully narrowed the issues in dispute. Based upon their filings, the parties generally concur that three items of discovery are outstanding. Accordingly, the Court will address each item in turn.

#### A. Text messages between Plaintiff and Tammy Lester

Plaintiff does not dispute that Defendant is entitled to requested text messages between her and witness Tammy Lester. Rather, Plaintiff simply contends that she has provided all text messages between them that are "under her control." (Doc. 31 at 1). In response, Defendant states it nonetheless "believes Plaintiff has failed to produce responsive documents," citing that Plaintiff produced a single page of text messages with Tammy Lester and that the message produced is cut off at the bottom of the page. (Doc. 35, Exhibit B to Doc. 35). Defendant also recites that Plaintiff produced text messages "from Ms. Lester [sic]

phone." (Doc. 35 at 4). Defendant describes 34 pages of disjointed text messages, and states that Lester is a "key witness" because Plaintiff testified that she initially complained to Lester about the alleged sexual harassment. (Doc. 35 at 4). Plaintiff has not offered any explanation or justification for her incomplete and disjointed production of the text messages, nor has Plaintiff attempted to rebut Defendant's inference that the messages produced were selectively edited.

Accordingly, Plaintiff is directed to produce <u>all</u> text messages between her and witness Tammy Lester that are responsive to Defendant's requests for production, such as Request No. 14:

> 14. All documents related to communications, conversations (including conversations through social media), interviews, or meetings between Plaintiff and any other individual related to the claims in this Action.

(Doc. 20-2).

As reiterated in the conclusion below, Plaintiff is directed to comply with this directive in good faith and under the supervision of counsel. In doing so, the parties are reminded of their obligations to fully participate in discovery in good faith and in accordance with the Local Rules and the Federal Rules of Civil Procedure. Further, the parties are reminded that, based upon the parties' claims and defenses and considering the scope of discovery under the relevant factors of Rule 26(b)(1) of the Federal Rules of Civil Procedure and the actions of the parties themselves, when appropriate courts have ordered parties take further steps to obtain relevant information, including forensic examinations. *See Barton & Assocs., Inc. v. Liska*, No. 9:19-CV-81023, 2020 WL 8299750, at *4 (S.D. Fla. May 11, 2020) (discussing discovery obligations related to cell phones and text messages and ordering forensic examination of party's cell phone "to determine whether any relevant text messages have been deleted or not

produced as required.").

### B. Communications between Plaintiff and Luis Dance[2]

Next, Defendant contends that Plaintiff has failed to produce communications between Plaintiff and Defendant's Controller Luis Dance following Plaintiff's termination. As Defendant argues, the request for communications with Dance are responsive to Requests No. 17, 18, 31, and 32. Defendant recites that after Plaintiff stated that she had produced all responsive documents, during depositions, her counsel read into the record a communication that had not been produced and questioned Dance about the communication without providing a copy to the witness or counsel. (Doc. 35 at 5). Defendant recites that Plaintiff has still not produced a copy of the document read into the record, despite sending an email to counsel purporting to quote the document read into the record. (Doc. 35 at 5, Ex. C to Doc. 35).

Accordingly, Plaintiff is directed to produce all communications (including the message, in its complete form, that was read into the record at Dance's deposition and cut and pasted into Plaintiff's counsel's email dated November 21, 2024) between her and witness Luis Dance that are responsive to Defendant's requests for production. Plaintiff is directed to comply with this directive in good faith and under the supervision of counsel. In doing so, the parties are reminded of their obligations to participate in discovery in good faith and in accordance with the Local Rules and the Federal Rules of Civil Procedure.

---

[2] Inexplicably, Plaintiff refers to Facebook messages from Mr. Banks as being the second item that Defendant claims is outstanding. (Doc. 31 at 1). Upon a review of the record, it appears that this is an error and the Facebook messages in dispute are those of Mr. Dance. Indeed, Mr. Dance is the subject of the email correspondence between counsel, including Plaintiff's counsel's email of November 21, 2024, in which the text of Mr. Dance's email was cut and pasted into the message. (Doc. 35-3 at 2).

### C.  Plaintiff's signed medical release

Finally, the parties dispute the details of Plaintiff providing a signed medical release so that Defendant could subpoena Plaintiff's medical records. Plaintiff states that she signed the medical release on October 5, 2024, and that a copy was provided to Defendant as part of Plaintiff's discovery responses. Plaintiff further contends that counsel only recently became aware of the absence of the alleged release. (Doc. 31 at 2). In short, Defendant disputes this assertion and states "[n]o release was provided within either the amended discovery responses or in the document binder containing supplemental document production. Plaintiff points out that the release was only sent on November 20, 2024, the deadline to respond to the Court's Order. (Doc. 35 at 2-3).

Because the release was provided, Defendant's motion to compel the release is now moot. Defendant's entitlement to sanctions due to Plaintiff's failure to timely produce the release is discussed below.

### D.  Sanctions

In both its initial motion to compel (Doc. 20) and its Response to the Court's Order, Defendant has moved for sanctions related to the motion to compel. Defendant requests sanctions of $4,800 for more than 10 hours (at defense counsel's rate of $480/hour) spent preparing the motion to compel and conferring with Plaintiff's counsel. (Doc. 35). Defendant's request is supported by the affidavit of counsel (Doc. 36). Notably, Plaintiff failed to file objections in response to Defendant's request or affidavit within 7 days from the date that the affidavit was filed, as required by the Court's previous Order. (Doc. 36). For the following reasons, Defendant's motion for sanctions is due to be granted in part.

In considering Defendant's request, the Court notes that Plaintiff's supplemental discovery responses and the signed medical release were undisputedly provided after Defendant filed its initial motion to compel. Indeed, Plaintiff concedes that the release was signed after the motion to compel was filed. Even if it was provided as part of supplemental discovery prior to November 20, 2024 (a fact the parties dispute), it was certainly provided well after the initial motion to compel was filed. Meanwhile, Plaintiff has offered no explanation whatsoever for her nondisclosure being substantially justified, nor has Plaintiff identified other circumstances that make an award of expenses unjust. All indications are that Plaintiff simply delayed providing the requested supplemental discovery, and only produced it after the motion to compel was filed, with some items remaining in dispute. Meanwhile, Plaintiff failed to file a substantive response to the motion to compel, instead improperly filing her notice of service of Plaintiff's amended discovery responses (Doc. 24) on the docket. Plaintiff also failed to respond to the request for sanctions or the Court's clear and specific directive to file any objections to the expenses and fees sought within seven days of the date that Defendant's affidavit was filed.

While the Court has determined that Defendant has a right to recover attorney's fees associated with the motion to compel, the Court has a corresponding duty to ensure that such an award is reasonable. Because Plaintiff failed to file a response in opposition to Defendant's affidavit, the Court lacks the benefit of the scrutiny and analysis of the requested fees from the opposing party. *See, e.g., Godoy v. New River Pizza, Inc.*, 565 F. Supp. 2d 1345, 1347 (S.D. Fla. 2008) (noting that the adversarial process normally aids the court in determining whether amount of attorney's fees requested is reasonable).

In determining a reasonable attorney's fee, the Court applies the federal lodestar approach which is calculated by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate for the services provided by counsel for the prevailing party. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Once the court has determined the lodestar, it may adjust the amount upward or downward based upon a few factors, including the results obtained. *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292, 1302 (11th Cir. 1988). "Ultimately, the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these determinations.'" *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting *Hensley*, 461 U.S. at 436). Additionally, the Court is "an expert on the question [of attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman,* 836 F.2d at 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)).

### 1. Reasonableness of Hours Expended

First, the Court must determine the number of hours reasonably expended on the litigation. The attorney fee applicant should present records detailing the amount of work performed and "[i]nadequate documentation may result in a reduction in the number of hours claimed, as will a claim for hours that the court finds to be excessive or unnecessary." *Fla. Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145, 1150 (Fla. 1985). Then, the fee opponent "has the burden of pointing out with specificity which hours should be deducted." *Rynd v.*

*Nationwide Mutual Fire Ins. Co.,* No. 8:09-cv-1556-T-27TGW, 2012 WL 939387, at *3 (M.D. Fla. January 25, 2012) (quoting *Centex-Rooney Const. Co., Inc. v. Martin County*, 725 So.2d 1255, 1259 (Fla. 4th DCA 1999). Attorneys "must exercise their own billing judgment to exclude any hours that are excessive, redundant, or otherwise unnecessary." *Galdames v. N&D Inv. Corp.*, 432 F. App'x 801, 806 (11th Cir. 2011). A court may reduce excessive, redundant, or otherwise unnecessary hours, or may engage in "an across-the-board cut," so long as the court adequately explains its reasons for doing so. *Id.*

Here, Defendant seeks compensation for ten hours of attorney's fees associated with the motion to compel and conferring with Plaintiff's counsel. The request is supported by counsel's affidavit, but the affidavit lacks any details beyond that counsel "spent a minimum of ten (10) hours preparing Defendant's motion to compel and meeting and conferring with Plaintiff's counsel in attempts to resolve the issues addressed in Defendant's Motion to Compel." (Doc. 36 at 1). Although Plaintiff has not objected to the hours sought or the hourly rate, under the circumstances presented here and given the relatively unsophisticated nature of the discovery dispute, the Court finds that the time requested should be reduced to five hours as time reasonable and necessary spent on the motion to compel.

 2. *Reasonableness of Hourly Rate.*

Next, the Court must determine the reasonable hourly rate which is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman,* 836 F.2d at 1299. The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with the

prevailing market rates. *Id*. The trial court, itself, is an expert on the question of the reasonableness of fees and may consider its own knowledge and experience. *Id*. at 1303.

Here, Defendant requests that it be awarded attorney's fees based on an hourly rate of $480 per hour for counsel's time. The hourly rate claimed is supported by Mr. Vorhees's affidavit simply stating that $480 is his hourly rate on this matter. (Doc. 36). Mr. Vorhees does not provide any further details in support of the reasonableness of the rate. (Doc. 36 at 1). Meanwhile, Plaintiff has made no objection to the hourly rate claimed. While Defendant offers an affidavit to support the requested hourly rate, Defendant does not offer any other "direct evidence of rates charged under similar circumstances." *See Chemische Fabrik Budenheim KG v. Bavaria Corp. Int'l*, No. 608-CV-1182-ORL22DAB, 2010 WL 98991, at *4 (M.D. Fla. Jan. 6, 2010) (citing *Norman*, 836 F.2d at 1299). In the absence of additional evidence, the Court may use its own discretion and expertise to determine a reasonable hourly rate for an award of attorney's fees. *See Norman*, 836 F.2d at 1303.

Given that Defendant failed to provide any detail, explanation, or evidentiary support for the hourly rate it seeks, the Court is not persuaded that a $480 hourly rate is justified for a routine motion to compel. *See Pruco Life Ins. Co.*, 2024 WL 1417406, at *1-2 (reducing hourly rate to $300 where there was no detail or explanation for the requested rate on a routine motion to compel); *Roskovensky v. Sanibel Captiva Island Vacation Rentals, LLC*, No. 2:22-cv-602-JLB-NPM, 2024 WL 474123, at *1-2 (M.D. Fla. Feb. 7, 2024) (reducing hourly rate to $250 for a routine motion to compel); *see also Singh v. Orlando Health, Inc.*, No. 6:22-CV-1365-RBD-EJK, 2023 WL 4052270, at *1 (M.D. Fla. June 16, 2023) (approving an hourly rate of $300 per hour on a motion to compel for a principal attorney with 15 years of experience). In

this case, the motion to compel did not raise any novel or complex issues, as the motion was premised on Plaintiff's failure to adequately respond to discovery requests.

Further, based on the Court's own experience and familiarity with rates in the Ocala Division, the Court finds that the requested rate is well above prevailing market rates for similar cases. Having considered the limited information provided about counsel, the relative complexity of the case and issues, the Court's knowledge of market rates in this Division, and Plaintiff's lack of objection, the Court finds that the hourly rate of $300 per hour is reasonable. *See Norman*, 836 F.2d at 1303. ("The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."); *Scelta v. Delicatessen Support Serv., Inc.*, 203 F.Supp.2d 1328, 1331 (M.D. Fla. 2002) ("the court may use its own expertise and judgment to make an appropriate independent assessment of the value of an attorney's services.)

In summary, Defendant has requested a total of $4,800 in attorney's fees associated with Defendant's motion to compel, consisting of ten hours of attorney time at the rate of $480 per hour for counsel Robert Vorhees. Plaintiff has made no objection to the request, whether to the reasonableness of the hours, the rate, or otherwise. Despite this omission, for the reasons explained above, the undersigned finds it is most appropriate to adjust the number of hours recoverable as reasonable and necessary to five hours and the hourly rate to $300. Accordingly, the undersigned finds that Defendant is entitled to the fees in the amount of $1,500.

### IV. Conclusion

Accordingly, upon due consideration, it is ORDERED that:

1. Defendant's motion to compel (Doc. 20) is GRANTED in part and DENIED in part as explained in this Order.

2. Plaintiff Denise Long, under the supervision of her counsel, is ordered to forthwith carefully examine and review all of her cellphones, computers, iPads, back-up systems, and any other device or system where text messages, Facebook messages, or similar communications can be recovered, and honestly and in good faith attempt to recover any messages or communications that have not been produced in this case to date but should have been produced to Defendant. All such electronic devices and back-up systems in Plaintiff's possession, custody or control shall be carefully examined and reviewed.

3. Plaintiff, under the supervision of her counsel, is further ordered to specifically search, and subsequently produce, in the above-described manner for communications between Plaintiff and Tammy Lester or Luis Dance that are responsive to Defendant's discovery requests.

4. Defendant's motion for sanctions (Doc. 35) is GRANTED in part and DENIED in part as explained in this Order.

5. Plaintiff shall remit to Defendant the amount of $1,500 which represents the reasonable expenses, including attorney's fees, associated with Defendant's motion to compel.

**DONE** and **ORDERED** in Ocala, Florida on January 27, 2025.

PHILIP R. LAMMENS
United States Magistrate Judge

- 14 -

Copies furnished to:

Counsel of Record
Unrepresented Parties